IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-5977 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| 2007 OCEAN ISLE BEACH FIRE, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint against the "2007 Ocean Isle Beach Fire," Sigma Alpha Epsilon and Delta Delta Delta Sororities, Justin Michael Anderson, Travis Lane Cale, Lauren Astrid Mahon, Cassidy Fae Pendly, William Robert Rhea, Allison Christine Walden, and Emily Lauren Yelton.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

G:\PRO-SE\MJJ\CR.07\riches35.dsm.wpd

1 Examples are claims describing fantastic or delusional scenarios with which federal district
2 judges are all too familiar. See Neitzke v. Williams, 490 U.S. 319, 328 (1989). To pierce the
3 veil of the complaint's factual allegations means that a court is not bound, as it usually is
4 when making a determination based solely on the pleadings, to accept without question the
5 truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. A finding of factual
6 frivolousness is appropriate when the facts alleged rise to the level of the irrational or the
7 wholly incredible, whether or not there are judicially noticeable facts available to contradict
8 them. See id. at 32-33.

Plaintiff alleges that defendants were drinking and playing with matches, and that they burned down a house in North Carolina. Plaintiff alleges that they were underage, and that their actions have "offended" him. Plaintiff further claims that he is afraid defendants' actions will "influence" other inmates in his prison to burn him in his cell. Plaintiff also claims that because of defendants' "arson," plaintiff's insurance rates will rise. Plaintiff seeks an order compelling defendants not to drink any more and to pay plaintiff 25 million dollars. As plaintiff's allegations are clearly baseless, irrational or wholly incredible, the complaint will be dismissed as frivolous under sections 1915A and 1915(e)(2).

For the foregoing reasons, this action is DISMISSED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 12/17/07

MARTIN J. JENKINS
United States District Judge